IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE E. LUCKENBAUGH,<br>et al., | : | Case No. 4:06-CV-1919 |
| | : | |
| Plaintiffs, | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | |
| EBENX, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**March 19, 2007**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before this Court are three Motions seeking, inter alia, dismissal of

Plaintiffs' Complaint in the above-captioned action.  On October 3, 2006,

Defendants United Healthcare Service Corporation ("United Healthcare") and

Frito-Lay, Inc. ("Frito-Lay") filed a Motion to Dismiss Plaintiffs' Complaint, or, in

the Alternative, to Stay the Proceedings.  (Rec. Doc. 4).  On October 4, 2006,

Defendant eBenx, Inc. ("eBenx") filed a Motion to Dismiss Plaintiffs' Complaint.

(Rec. Doc. 7).  On same date, Defendant HealthAmerica Pennsylvania, Inc.

("HealthAmerica") filed a Motion to Dismiss, or, in the Alternative, to Strike the

Jury Demand and Stay the Proceedings.  (Rec. Doc. 9).  For the reasons that

follow, Defendants' Motions to Dismiss the Complaint will be granted in the manner specified herein.

**PROCEDURAL HISTORY:**

On August 29, 2006, Plaintiff George Luckenbaugh, who has brought this action on behalf of himself and his minor daughter, Plaintiff Tonya Luckenbaugh, instituted the instant action in the Court of Common Pleas of York County. (Rec. Doc. 1-2). On September 27, 2006, Defendants filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441. (Rec. Doc. 1-1).

Subsequently, on October 3, 2006, and October 4, 2006, each Defendant filed a Motion seeking, inter alia, dismissal of Plaintiffs' Complaint on the grounds that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it fails to state a claim upon which relief may be granted. Specifically, United Healthcare and Frito-Lay filed a Motion to Dismiss Plaintiffs' Complaint, or, in the Alternative, to Stay the Proceedings (doc. 4); eBenx filed a Motion to Dismiss Plaintiffs' Complaint (doc. 7); and HealthAmerica filed a Motion to Dismiss Plaintiffs' Complaint, or, in the Alternative, to Strike the Jury Demand and Stay the Proceedings (doc. 9).

As all three Motions have been briefed, they are ripe for disposition.

**FACTUAL BACKGROUND:**

In light of the standard of review for motions to dismiss, we accept as true all of Plaintiffs' averments in the Complaint. Accordingly, the following factual background is taken therefrom.

On December 4, 1996, Plaintiff George Luckenbaugh ("Mr. Luckenbaugh")[1] began working for Defendant Frito-Lay. (Rec. Doc. 1-2, ¶ 7). Thereafter, he became eligible for medical insurance coverage through Frito-Lay as a result of his employment. (Rec. Doc. 1-2, ¶ 7).

On March 23, 2001, Mr. Luckenbaugh was thrown from a horse while riding and sustained physical injuries. (Rec. Doc. 1-2, ¶ 8). As a result of his injuries, Mr. Luckenbaugh was first placed on light-duty work for Frito-Lay, from approximately March 23, 2001 until June 11, 2001. (Rec. Doc. 1-2, ¶ 9). However, from June 11, 2001 until December 17, 2001, he was placed on short-term disability, and from December 17, 2001 until at least the filing of the Complaint, he has been on long-term disability. (Rec. Doc. 1-2, ¶¶ 10-11).

Prior to and through December 17, 2001, Mr. Luckenbaugh was provided health insurance coverage through HealthAmerica as a result of his employment by

---

[1] Plaintiffs' Complaint actually alleges that "Defendant began working for Defendant . . . ." (Rec. Doc. 1-2, ¶ 7). However, context demonstrates that Plaintiffs meant to allege that Plaintiff George Luckenbaugh began working, and we have assumed as much.

Frito-Lay. (Rec. Doc. 1-2, ¶ 12). Mr. Luckenbaugh's health insurance was in the form of an employer-sponsored HMO that paid all of his qualifying medical expenses. (Rec. Doc. 1-2, ¶ 13).

However, beginning on or about December 17, 2001, Mr. Luckenbaugh had $14.75 deducted from his semi-monthly disability benefits to pay for basic medical coverage from United Healthcare. (Rec. Doc. 1-2, ¶ 20).

On or about March 18, 2002, eBenx notified Mr. Luckenbaugh that he had the opportunity to make an election, under the Comprehensive Omnibus Budget Reconciliation Act of 1986 ("COBRA"), to continue his vision insurance coverage for himself and his minor daughter, Tonya ("Ms. Luckenbaugh"). (Rec. Doc. 1-2, ¶ 14). Accordingly, on March 22, 2002, Mr. Luckenbaugh mailed eBenx notice of his intention to continue his vision insurance coverage. (Rec. Doc. 1-2, ¶ 15).

Thereafter, on or about March 29, 2002, HealthAmerica provided Mr. Luckenbaugh notice that his health insurance coverage had terminated on December 17, 2001, the date on which he was placed on long-term disability. (Rec. Doc. 1-2, ¶ 16). Thus, by notice dated April 26, 2002,[2] eBenx provided Mr. Luckenbaugh the required COBRA notice that he could elect continuing health

---

[2] As at least one Defendant has noted, although Plaintiffs' Complaint avers that such notice was dated April 26, 2003, that appears to have been a typographical error, and we have assumed asmuch.

insurance, through HealthAmerica, prior to June 24, 2002.  (Rec. Doc. 1-2, ¶ 17).

Again, Mr. Luckenbaugh elected to continue his coverage: on or about May 9,

2002, Mr. Luckenbaugh mailed notice of his intention to continue his health

insurance coverage.  (Rec. Doc. 1-2, ¶ 18).

By notice dated September 17, 2002, eBenx notified Mr. Luckenbaugh that

his health insurance coverage[3] had terminated as of March 6, 2002.  (Rec. Doc. 1-

2, ¶ 19).

To date, both HealthAmerica and United Healthcare have denied medical

coverage to Plaintiffs.  (Rec. Doc. 1-2, ¶ 21).  Additionally, Plaintiffs allege that at

all times relevant, eBenx was "administering employee health care benefit

coverage on behalf of Frito-Lay;" HealthAmerica and United Healthcare were

"medical insurance carriers providing health care benefit coverage to employees of

Frito-Lay;" and Plaintiff, "as an employee of Defendant Frito-Lay, was a

beneficiary of Defendant Frito-Lay's contractual relationships with other

Defendants and stands in privity to such relationships."  (Rec. Doc. 1-2, ¶¶ 22-24).

Finally, Plaintiffs allege that they "engaged medical providers and incurred

medical expenses due to treatment and services provided by such providers."  (Rec.

---

[3] The Complaint does not specify which insurance carrier terminated coverage, but it
appears that Plaintiffs are referring to HealthAmerica's coverage.

Doc. 1-2, ¶ 25).

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a

plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also

White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d

63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in

considering a motion to dismiss based on a failure to state a claim argument, a

court should "not inquire whether the plaintiffs will ultimately prevail, only

whether they are entitled to offer evidence to support their claims."  Furthermore,

"a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

**DISCUSSION:**

Initially, we note that we will dismiss with prejudice Counts I, II, III, IV, and

V of Plaintiffs' Complaint, all causes of action grounded in Pennsylvania state law,

because Defendants have so persuasively argued that they are preempted by the

Employee Retirement Income Security Act ("ERISA") that Plaintiffs have

conceded as much.[4]

Accordingly, we are left to consider the only remaining Count in Plaintiffs'

Complaint, Count VI, in which Plaintiffs seek relief pursuant to ERISA.  We note

that Plaintiffs have invoked the provisions of ERISA broadly, referring only to 29

U.S.C. 1132, et seq.

All Defendants seek dismissal of Count VI.  We begin consideration as to

this Count's viability with United Healthcare and Frito-Lay's argument that Count

VI should be dismissed without prejudice because of Plaintiffs' failure to exhaust

their administrative remedies under the employee welfare benefit plan offered

through Frito-Lay ("the Plan").[5]  (Rec. Doc. 5 at 11- 13).

Plaintiffs' Brief in Opposition to all Defendants' Motions (doc. 17) concedes

that "courts require exhaustion of administrative remedies prior to hearing an

action for a denial of ERISA benefits.  Harrow v. Prudential Ins. Co. of America,

279 F.3d 244, 252 (3d Cir. 2002)."  However, Plaintiffs also accurately note that at

least two exceptions to this exhaustion requirement exist.  The two exceptions that

---

[4] Indeed, the heading relating to this issue in Plaintiffs' Brief in Opposition to all of Defendants' Motions reads: "PLAINTIFF AGREES THAT HIS STATE LAW CLAIMS ARE PREEMPTED BY ERISA."  (Rec. Doc. 17 at 10).

[5] We begin our consideration of Count VI with this argument for two reasons.  First, our disposition of this issue may end our analysis of the pending Motions.  Second, even notwithstanding the instant issue, Plaintiffs' broad invocation of ERISA prevents a thorough analysis of at least some remaining arguments, e.g., eBenx's argument that Count VI should be dismissed as to it with prejudice.

Plaintiffs attempt to invoke are: futility and denial of meaningful access to administrative procedures.[6]  See, e.g., Harrow, 279 F.3d at 249-50 (describing the futility exception); Lucas v. Warner & Swasey Co., 475 F. Supp. 1071, 1074 (E.D. Pa. 1979) (outlining what a plaintiff must show to avail him- or herself of the denial of meaningful access exception).

United Healthcare and Frito-Lay accurately indicate that Plaintiffs' Complaint is bereft of any allegations that: 1) Plaintiffs submitted all of their outstanding claims for benefits allegedly due; or 2) Plaintiffs exhausted the Plan's internal remedies for appealing the denial of such claims.  (Rec. Docs. 5 at 11; 1-2).  Indeed, Plaintiffs' subsequent submission of a Declaration by Mr. Luckenbaugh and other Exhibits (doc. 20),[7] and their reliance thereupon in their opposing brief (doc. 17), necessarily indicate that their Complaint lacks critical

---

[6] United Healthcare and Frito-Lay's Reply Brief concedes that these exceptions to the exhaustion requirement exist.  (Rec. Doc. 24 at 2).

[7] We note that the posture in which we find ourselves, disposing of Motions to Dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, prevents us from considering the Declaration of Mr. Luckenbaugh and the attached Exhibits at this time.  See, e.g., Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994) (noting that "[i]n determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.").  Although we are cognizant that we can elect to convert motions to dismiss into motions for summary judgment pursuant to Rule 12(b)(6), to do so at this juncture and in these circumstances would be improvident.  Thus, we did not announce our intention to do so, and, consequently, we will not convert the instant Motions on this limited record.

We also note that for the same reasons, we have not considered the Exhibits attached to any of Defendants' Motions or supporting briefs either.  (See Rec. Docs. 4, 21).

allegations demonstrating either that the exhaustion requirement has been fulfilled or that at least one of its exceptions applies.  Indeed, had Plaintiffs felt secure that their Complaint contained sufficient averments as to this issue, we suspect that they would not have supplemented the record in this fashion.

In sum, the absent averments in Plaintiffs' Complaint, confirmed by Plaintiffs' later attempts to supplement the record, lead us to conclude that Plaintiffs have filed this Complaint prematurely.  Because Plaintiffs filed their Complaint prior to the conclusion of all administrative proceedings related hereto, it is necessarily devoid of any allegations that the administrative remedy exhaustion requirement applicable to all ERISA actions has been satisfied, or any allegations that an exception thereto applies.  Accordingly, we hold that Count VI of Plaintiffs' Complaint will be dismissed without prejudice.  Should the conclusion of these proceedings necessitate the re-filing of Plaintiffs' ERISA claim(s), Plaintiffs can do so.[8]

Our holding that Count VI should be dismissed without prejudice moots all

---

[8] Although we express no opinion as to the running of ERISA's statute of limitations, see 29 U.S.C. § 1113, as it applies to the facts contained herein, Plaintiffs have not argued that it would prevent the re-filing of their claim(s) in their opposing brief.  (Rec. Doc. 17).  Thus, at this juncture, we fail to see how the dismissal without prejudice of Count VI precludes Plaintiffs from re-filing after exhausting their administrative remedies.

other requests for relief made in Defendants' Motions, and, as such, they will be

denied as moot.

An appropriate Order shall issue.